MaddeN, Judge,
dissenting:
I do not agree with the court’s decision. I consider first the conclusion that the Ball Amendment did not even purport to limit the funds of the appropriation bill in such a way as to prevent the continued payment of extra compensation to immigration inspectors on the basis of the 1931 Act. This completely literal interpretation of the Amendment robs it of all meaning whatever, and disregards what the language, in the circumstances plainly meant. The Senator’s reference to “a law, the repeal of which is now being considered by the proper legislative committee” was obviously to the 1931 Act, the repeal of which would have permanently put Customs’ Inspectors’ premium pay on the same basis as that of other Government employees, under the Act of 1945.[1] The Senator’s Amendment, presented with expressed agreement with the desirability of such a repeal, is converted by the court into a reafiirmation, wholly useless and unnecessary, of the 1931 Act, the meaning of which was perfectly clear, and which no one had questioned. His statement showed that he wanted to accomplish, immediately and for the fiscal year which was to begin the next day, what was to be permanently accomplished by the proper legislative committee.
The plaintiff does not really urge that Senator Ball did not mean what I have said he meant. The plaintiff urges rather that the Senator was so inept in saying what he meant that he ended up by saying the very opposite of what he meant in language so plain that it cannot be escaped by interpretation. I think the court ought not to hold that a Senator of the United States whose intention was clear, was not capable of stating, even unclearly and ambiguously, what he was driving at. The Ball proviso, when read in connection with the 1945 Act, is ambiguous. The ambiguity came about quite naturally, I think. The purpose of the 1945 Act was to fix a scale of pay for practically the whole force of Government employees, including premium pay for overtime work. It consisted of 27 sections covering 10 pages in the *57 printed statutes. It contained Title II devoted to Compensation for Overtime, with, a detailed schedule of how overtime should be computed on salaries of various sizes. It contained Title III devoted to Compensation for Night and Holiday work. Under Title VI, Miscellaneous provisions, is Section 601 which saves from the provisions of law, overtime or Sunday or holiday work, covered by several statutes, referred to by date of enactment, volume, and page. One of these is the Act of 1931. I think that a statement, such as that in the Ball proviso, that employees should not be paid for overtime services “other than as provided” in the 1945 Act, meant “other than as provided with care and minute detail” in that Act, and not “as barely mentioned in a saving clause and thereby saved from repeal by the other provisions of that Act.” I have no hesitation in saying that.it meant that when, as here, it is plain beyond question that the Senator who drafted the language meant that.
The plaintiff urges that the Senator who drafted the proviso was misinformed and confused as to the supposed evils of the 1931 Act. The statements which he made the next year when the 1949 Appropriation Act was being considered show that this is true.[2] But these statements make doubly plain what the Senator meant by the language of his amendment in 1947. His 1948 statements show that he would not have offered his amendment in 1947, if he had then been fully and accurately informed. But that is not a reason for nullifying what he had said and meant by his amendment in 1947. I think that the courts have no mission to invert the meaning of legislation upon a showing that the legislature would not have enacted it if it had been better informed. For that matter, the Senator’s later statement, quoted by the court, shows that the Senator’s information was still incorrect. This court and the Supreme Court had held in Myers v. United States, 99 C. Cls. 158, modified as to points not relevant here, United States v. Myers, 320 U. S. 561, 576, that Customs Inspectors, under a law similar to the 1931 Act applicable to Immigration Inspectors, were entitled to three *58 days’ pay for Sunday work, when, as in the Myers case the days for which they claimed were included within their assigned tour of duty. The Senator’s mistake was in not being aware that, after the Myers decision, the Department had arranged the tours of duty so that Sundays were not included in regular tours.
The court’s opinion discusses at length a question not raised by the plaintiff. The opinion says, in effect, that even if the Ball Amendment had meant what I think it meant, the judgment would still be for the plaintiff because the court would be bound by the permanent 1931 Act, and not by the Ball Amendment to the 1948 Appropriation Act. I suppose that the question whether the proper jurisdictional boundaries are maintained between the legislative committees and the appropriations committees of the Houses of Congress is completely foreclosed by the passage by Congress and the approval by the President, of any legislative provision not repugnant to the Constitution. The only question open to the courts is, what does the legislation mean. This court’s opinion indicates that although the Ball Amendment meant that the fiscal officers of the Government were expressly forbidden to pay the plaintiff what he claims, the judicial offi-cers of the Government would still be directed to give him a judgment for what he claims. It seems to me impossible that one set of words could mean these two contradictory things. What possible purpose, except discrimination and frustration and expense, could be served by such legislation? I think that a proper respect for Congress should prevent the court from attributing to it such an intention.
In accordance with the above opinion, and upon a stipulation by the parties stating that the audit of accounts made by the Immigration and Naturalization Service shows the extra compensation due plaintiff under the Act of March 2, 1931, for the period from July 1, 1947, to June 30, 1948, inclusive, after allowing credit for amounts previously paid for the same services under the 1945 and 1946 Federal Employees Pay Acts, to be $1,324.32, it was ordered July 11, 1949, that judgment be entered for the plaintiff in the sum of $1,324.32.

 A bill, S. 1702 (80th Cong., 1st Sess.), to repeal the 1931 Act and to put Immigration Inspectors under the 1945 Act was introduced on July 23, 1947, by Senator Wiley, Chairman of the Senate Committee on the Judiciary.

 Senate Subcommittee on Appropriations, Hearings on H. R. 5607 (Department of Justice, et al.), 80tb Cong., 2nd Sess., March 29, 1948, pp. 272 ff. •;